**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| _____<br>KELLY MATICH<br>236 Meriwill Lane<br>Kunkletown, PA 18058<br><br>           Plaintiff,<br><br><br>           v.<br><br>GINA MARIE BERUMEN O'BRIEN<br>7422 Autumn Park<br>San Antonio Tx 78249;<br><br>and<br><br>TRISIA SEPULVEDA<br>13705 Gardenland Ave,<br>Bellflower, CA 90706：<br><br>and<br><br>CHRISTINA BERUMEN<br>2233 SE Military Dr, APT 1417<br>San Antonio, TX 78223-3552.<br><br>           Defendants.<br>_____ | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:      CIVIL ACTION<br><br>     NO._____<br><br>     JURY TRIAL DEMANDED |

## <u>CIVIL ACTION COMPLAINT</u>

Plaintiff Kelly Matich (hereinafter referred to as "Plaintiff") hereby complains against Defendants Gina Marie Berumen O'Brien, Trisia Sepulveda, and Christina Berumen.

## I.    INTRODUCTION

Plaintiff has initiated this action to redress identity theft violations, tortious interference with contractual relations, defamation, defamation by innuendo, invasion of privacy, false light, intentional infliction of emotional distress, and copyright infringement. Defendant Gina Marie Berumen O'Brien (hereinafter 'O'Brien') maliciously assumed Plaintiff's identity in order to defame her and interfere with her employment relationship. Defendant O'Brien also stole Plaintiff's private and compromising photographs, violating her right to privacy. Defendant O'Brien sent this stolen property, in violation of Plaintiff's copyright, to Plaintiff's employer to humiliate her and get her fired. O'Brien's malice was motivated by revenge against the Plaintiff, because she is the 'significant other' of O'Brien's ex-husband. As to the other Defendants, they have been corralled by O'Brien to participate in a choreographed conspiracy of harassment, and they have done so and continue to do so with alacrity.

## II.    JURISDICTION AND VENUE

1.    This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

2.    Venue is properly laid in this judicial district Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

4871-4064-7710, v. 17

3.    The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action where the matter in controversy exceeds the sum or value of 75,000.00, exclusive of interest and cost, and is between citizens of different states.

5.    This Court has supplemental jurisdiction over state, and common law claims pursuant to 28 U.S.C. § 1367.

### III.    PARTIES

6.    The foregoing paragraphs are incorporated herein as if set forth in full.

7.    Plaintiff is an adult individual with an address as set forth above.

8.    Defendant O'Brien (hereinafter referred to as 'O'Brien') is an adult individual residing in San Antonio, Texas, at the address set forth above.

9.    Defendant Christine Berumen (hereinafter referred to as 'Berumen') is an adult individual residing in San Antonio, Texas, at the address above.

10.    Defendant Trisia Sepulveda (hereinafter referred to as 'Sepulveda') is an adult individual residing in Bellflower, California, at the address above.

### IV.    FACTUAL BACKGROUND

11.    The foregoing paragraphs are incorporated herein as if set forth in full.

12.    On December 1, 2021, the divorce was final between O'Brien and her husband, George O'Brien (hereinafter referred to as 'George').

4871-4064-7710, v. 17

13.     George is the significant other of Plaintiff.

14.     On December 4, 2021, at 4:39 PM, O'Brien posted two pictures of George and Plaintiff wherein both were naked on the upper part of their bodies.

15.     George had taken these pictures.

16.     They were undeveloped in his camera.

17.     George had carefully thought out the posture, lighting, and position of himself and Plaintiff before the photographs were taken.

18.     George owned the copyright to those photographs.

19.     George assigned that copyright to Plaintiff.

20.     The photographs were posted on Facebook.

21.     Plaintiff then received numerous texts and harassment from O'Brien and Defendant's family members and codefendants, Berumen and Sepulveda.

22.     On December 23, 2021, O'Brien sent a lengthy email and several of the copyrighted photographs, including those where Plaintiff is naked from the waist up, to the top 30 people in the Houston corporate office of Diligent Delivery Systems (hereinafter referred to as 'Diligent'), the Company which employs both George and Plaintiff.

23.     Diligent has refused to redact or return these private photographs despite written requests from Plaintiff and her attorney.

24.     Diligent has also refused to order the 30 Diligent recipients to discard or delete the photographs.

4871-4064-7710, v. 17

25.     Consequently, Plaintiff filed a sexual harassment complaint against Diligent for creating and subjecting Plaintiff to a sexually hostile environment. The EEOC complaint against Diligent is attached and incorporated as Exhibit 1.

26.     On July 4, 2021, O'Brien impersonated Plaintiff, assumed her identity, created a fake LinkedIn account under her name, and posted messages as if they were from Plaintiff.

27.     Specifically, O'Brien, using Plaintiff's identity, wrote under the title 'Homewrecker at Diligent Delivery Systems,' "I've been having an affair with my coworker while on business trips …

28.     This document is attached and incorporated herein as Exhibit 2.

29.     On July 6, 2021, O'Brien posted, again using Plaintiff's identity, 'I love working for this Company. You have given me the opportunity to travel this year and found the love of my life while on these trips. We started an affair while working on company time and money. It is finally left his family for me, and wheresoever together thanks to this Company was able to find this man that I love so much…'

30.     This document is attached and incorporated herein as Exhibit 3

31.     When Plaintiff accused O'Brien of posting in her name and threatened to get a lawyer, O'Brien responded, 'just out of the blue!! I have no idea what she is talking about but you do u boo!! Now I got new stuff to post. If you don't want your shit posted on my page, stop texting me, bitch!!'

32.     This document is hereto attached and incorporated as Exhibit 4.

33.     This time under her own name, in another post, O'Brien confirmed her malice by stating, 'Hell hath no fury like a woman scorned.'

4871-4064-7710, v. 17

34.    Tanya Berumen, Defendant's sister, posted a photograph of Plaintiff and George O'Brien and threatened 'get ready baby they coming for you.'

35.    This document is hereto attached and incorporated as Exhibit 5.

36.    Plaintiff's boss wanted to know why Plaintiff was sending messages to the Company's LinkedIn account.

37.    Plaintiff had to prove to Diligent that she was not the one sending these messages.

38.    Plaintiff then received a written warning from Diligent because of the photographs.

39.    Since the photographs were sent to Diligent, Plaintiff has received neither an increase in pay nor a promotion.

40.    Defendant has corralled her relatives, Christina Berumen (Beruman) and Trisia Sepulveda (Sepulveda), to assist in the harassment.

41.    Sepulveda has directly threatened the physical welfare of Plaintiff

42.    This threat was posted on Instagram and is hereto attached as Exhibit 6

### COUNT I
### PLAINTIFF vs. DEFENDANT O'BRIEN
### DEFAMATION

43.    The foregoing paragraphs are incorporated herein as if set forth in full.

44.    O'Brien posted statements allegedly from Plaintiff, suggesting that Plaintiff was not doing her job for Diligent but instead having an affair.

45.    O'Brien, therefore, implied that Plaintiff was taking time and resources from her employer to engage in a meretricious relationship.

4871-4064-7710, v. 17

46.     By making it seem that Plaintiff was using the term 'affair' to describe her relationship with George, O'Brien seemed that Plaintiff was admitting that her relationship with George was improper, immoral, and violated a marital norm, which it did not.

47.     By falsely making it appear that Plaintiff was openly boasting about her relationship with George, Defendant O'Brien implied that the only reason Plaintiff continued with her job was to pursue that relationship.

48.     By falsely making it appear that Plaintiff was publicly boasting about her relationship with George, Defendant O'Brien humiliated Plaintiff, reduced her reputation in the eyes of her community, and made her look unprofessional, undedicated, immoral, and unethical.

49.     By falsely making it appear that Plaintiff was publicly boasting about her relationship with George, Defendant O'Brien made it appear that Plaintiff had not respected the marriage between George and O'Brien and had willfully wrecked it.

50.     O'Brien knew this aspersion to be untrue.

51.     To facilitate her defamation, Defendant O'Brien unlawfully purloined Plaintiff's identity and, to make her defamation more plausible, put words into Plaintiff's mouth as if she were talking.

52.     As a direct and proximate result, Plaintiff has sustained personal injuries, including but not limited to depression, anxiety, insomnia, irreparable damage to her reputation, and loss of standing in the community. She continues to sustain these injuries due to the ongoing and widespread dissemination of Defendant's falsehoods.

4871-4064-7710, v. 17

53.    The Defendant's portrayal of the Plaintiff was reckless, willful, malicious, extreme, and outrageous and warrants the imposition of punitive damages.

## COUNT II
## PLAINTIFF vs. DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

55.    The Defendants' conduct was extreme and outrageous.

56.    The Defendants conspired with a common goal to harass, threaten and insult Plaintiff online and through telephone calls.

57.    All Defendants have participated in this conduct which was explicitly intended to cause her emotional distress.

58.    The Defendants' conduct, as aforesaid, has caused personal injuries, including but not limited to depression, anxiety, isolation, and insomnia.

59.    The Defendants' infliction of emotional distress was reckless, willful, malicious, extreme, and sufficiently outrageous as to warrant the imposition of punitive damages.

60.    Plaintiff demands the compensatory and punitive damages referenced above.

## COUNT III
## PLAINTIFF  vs. DEFENDANTS
## FALSE LIGHT INVASION OF PRIVACY

61.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

4871-4064-7710, v. 17

62.     By intentionally and/or recklessly making false and inflammatory statements and intimations that Plaintiff is a 'Homewrecker' unrepentantly engaged in a meretricious relationship, Defendants created and fostered an atmosphere wherein the Plaintiff seemed to deserve the opprobrium of the community.

63.     Indeed, the comments online in response to the Defendants' postings reflect that opprobrium.

64.     Defendants' statements, assertions, suggestions, innuendo, and implications of their statements to their neighbors would be highly offensive to a reasonable person.

65.     Those statements implied that Plaintiff was immoral, felonious, predatory, neglectful, and harmful.

66.     Defendants knew and acted in reckless disregard of the truth or falsity of their publicized matter and the false light in which they placed the Plaintiff.

67.     As a direct and proximate result, Plaintiff has sustained personal injuries including but not limited to depression, anxiety, isolation, insomnia, irreparable damage to their reputation, and loss of standing in the community.

68.     Plaintiff continues to sustain these injuries due to the ongoing and widespread dissemination of the Defendants' falsehoods.

69.     Defendants' portrayal of the Plaintiff was reckless, willful, malicious, and so extreme and outrageous to warrant the imposition of punitive damages.

70.     Plaintiff demands the compensatory and punitive damages referenced above.

4871-4064-7710, v. 17

<u>**COUNT IV**</u>
<u>**PLAINTIFF vs. DEFENDANT O'BRIEN**</u>
<u>**DEFAMATION BY INNUENDO**</u>

71.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

72.    The Defendants' communications to others created defamatory innuendo.

73.    Defendants cast Plaintiff as unrepentantly promiscuous and neglectful of her job because she pursued an 'affair' on her employer's time.

74.    Defendants therefore cast Plaintiff as willfully wrecking the wholesome relationship between George and Defendant O'Brien.

75.    O'Brien's defamatory statements implied that Plaintiff is immoral, neglectful, predatory, dishonest, corrupt, sinful, unwholesome, and depraved.

76.    The Defendant implied that Plaintiff was responsible for the insults and physical threats fielded by the general public and the other two defendants.

77.    As a direct and proximate result, Plaintiff has sustained personal injuries including but not limited to depression, anxiety, isolation, insomnia, irreparable damage to their reputation, and loss of standing in the community.

78.    She continues to sustain these injuries due to the ongoing and widespread dissemination of the Defendant's falsehoods.

79.    Defendant's portrayal of the Plaintiffs was reckless, willful, malicious, and so extreme and outrageous to warrant the imposition of punitive damages.

80.    Plaintiff demands the compensatory and punitive damages referenced above.

4871-4064-7710, v. 17

## COUNT V
## PLAINTIFF vs. DEFENDANT O'BRIEN
## INVASION OF PRIVACY BY MISAPPROPRIATION OF IDENTITY

81.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

82.     Defendant O'Brien appropriated for her own use or benefit the reputation, prestige, social or commercial standing, public interest, or other values of Plaintiff's name or likeness.

83.     Defendant O'Brien's primary purpose in doing so was to humiliate, embarrass, shame, and otherwise bring Plaintiff into public disrepute.

84.     Defendant's invasion of privacy by misappropriation of Plaintiff's identity was reckless, willful, outrageous as to warrant the imposition of punitive damages.

85.     As a direct and proximate result, Plaintiff has sustained personal injuries including but not limited to depression, anxiety, isolation, insomnia, irreparable damage to their reputation, and loss of standing in the community.

86.     She continues to sustain these injuries due to the ongoing and widespread dissemination of the Defendant's falsehoods.

87.     Plaintiff demands the compensatory and punitive damages referenced above.

## COUNT VI
## PLAINTIFF vs. DEFENDANT O'BRIEN
## IDENTITY THEFT

88.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

4871-4064-7710, v. 17

89.    Defendant O'Brien appropriated for her use or benefit the reputation, prestige, social or commercial standing, public interest, or other values of Plaintiff's name or likeness.

90.    O'Brien posed as the Plaintiff by possessing and using Plaintiff's identity on social media.

91.    O'Brien assumed Plaintiff's identity for unlawful purposes, including but not limited to harassment, defamation, infliction of emotional distress, and interference with her employment.

92.    Plaintiff demands and is entitled to all civil damages permitted under 42 Pa.C.S. § 8315.

### COUNT VII
### PLAINTIFF vs. DEFENDANT O'BRIEN
### CONVERSION

93.    The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

94.    George gave Plaintiff all rights to the photographs in the camera.

95.    O'Brien had no rights to these photographs.

96.    O'Brien did not have the right to possess the photographs or distribute copies.

97.    O'Brien converted Plaintiff's photographs.

98.    O'Brien deprived Plaintiff of her right to the photographs by taking them.

99.    O'Brien converted the photographs without Plaintiff's consent.

100.    O'Brien had no legal justification for taking the photographs.

101.    Wherefore, Plaintiff requests compensatory and punitive damages.

4871-4064-7710, v. 17

## COUNT VIII
## PLAINTIFF vs. DEFENDANT O'BRIEN
## BREACH OF COPYRIGHT

102.    The photographs purloined by Defendant O'Brien were original works under copyright law 17 U.S.C. § 102(a).

103.    The photographs were original, creative, and specifically conceived and posed by George, who chose the lighting and camera angles.

104.    Pursuant to George's copyright assignment, Plaintiff, had the exclusive right to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending.'

105.    O'Brien distributed the copyrighted work on the Internet.

106.    O'Brien also copied the copyrighted work and sent it to at least 30 people at Diligent Distribution Systems.

107.    The photographs were obtained without Plaintiff's permission.

108.    Defendant O'Brien breached Plaintiff's copyright, and Plaintiff demands a minimum of $150,000 for each photograph inmfringed , attorneys' fees and costs.

Respectfully submitted,

KOLMAN LAW, P.C.

By:    /s/ Timothy M. Kolman, Esquire
        Timothy M. Kolman, Esquire
        Attorneys for Plaintiff
        414 Hulmeville Avenue
        Penndel, PA  19047
        (215) 750-3134

Dated: May 11, 2022

4871-4064-7710, v. 17