IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY MATICH, | : | Civil No.: 3:22:00697 |
| | : | |
| Plaintiff, | : | (Judge Saporito) |
| | : | |
| v. | : | |
| | : | |
| GINA MARIE BERUMEN O'BRIEN, | : | DEFENDANT CHRISTINA |
| TRISIA SEPULVEDA, and | : | BERUMEN'S BRIEF IN |
| CHRISTINA BERUMEN | : | OPPOSITION TO PLAINTIFF'S |
| | : | MOTION FOR ENTRY OF |
| Defendants. | : | DEFAULT |

ROTHENBERG & CAMPBELL
Howard A. Rothenberg, Esquire
Attorney I.D. No.: PA 38804
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
HRLaw01@gmail.com
570.207.2889

ROTHENBERG & CAMPBELL
Dave W. Rothenberg, Esquire
Attorney I.D. No.: PA 326483
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
HRLaw06@gmail.com
570.207.2889

*Counsel for the Defendants*

## INTRODUCTION

AND NOW, comes the Defendant, Christina Berumen, by and through her counsel, Howard A. Rothenberg, Esquire and Dave W. Rothenberg, Esquire of Rothenberg & Campbell, and hereby files the instant Brief in Opposition to Plaintiff, Kelly Matich's, Motion for Entry of Default filed in this Honorable Court on September 13, 2022. The Plaintiff, Kelly Matich, requests this Honorable Court to issue an Order entering Judgment in her favor and against Defendant Christina Berumen. For the reasons set forth at length hereinafter, Plaintiff's Motion should be denied.

## STATEMENT OF THE CASE

The Plaintiff, Kelly Matich ("Plaintiff"), initiated this matter by filing a Complaint on May 12, 2022, against the Defendants, Gina Marie O'Brien, Trisia Sepulveda and Christina Berumen (hereinafter collectively referred to as "Defendants"). Docket No. 1. According to the docket, the Answering-Defendant, Christina Berumen, was served with Plaintiff's Complaint on or about August 16, 2022. Docket No. 4. On or about September 13, 2022, the Plaintiff filed a Motion for Default Judgment against the Answering-Defendant, Christina Berumen, for failure to respond and/or defend against Plaintiff's Complaint. Docket No. 11.

The undersigned Counsel for the Defendant filed an Entry of Appearance with this Honorable Court on September 13, 2022. Docket No. 14. At the time of the filing of the Plaintiff's Motion, Brief and Request, and at all times prior to the filing of the undersigned Counsel's Entry of Appearance, the Answering-Defendant was representing herself *pro se* due to her inability to obtain counsel and her attempts to get her homeowner insurance provider to assert a defense on her behalf. It must be noted that Plaintiff's Motion for Default Judgment

against Christina Berumen was filed on the same date that Counsel for the Plaintiff was notified that Defendant Christina Berumen had obtained counsel in this matter.

Plaintiff contends in her Complaint that the Answering-Defendant, Christina Berumen, is liable to Plaintiff for causes of actions sounding in theories of intention infliction of emotional distress and false light invasion of privacy. Docket No. 1.

The Answering-Defendant, Christina Berumen, requests this Honorable Court to set aside Plaintiff's Request for Default and deny Plaintiff's Motion for Default Judgment.

## STATEMENT OF THE ISSUE

Whether the Plaintiff is entitled to entry of default and subsequent default judgment against Defendant Christina Berumen pursuant to Federal Rule of Civil Procedure 55.

## ARGUMENT

Federal Rule of Civil Procedure 55 generally governs the entry of a default judgment. Fed. R. Civ. P. 55. Fed. R. Civ. P. 55(c) provides that "for good cause shown the court may set aside an entry of default." In applying Rule 55 (c) and deciding whether to set aside an entry of default, the district court exercises its discretion, "applying a standard of liberality and resolving all doubts in favor of the defaulting party." Metlife Capital Credit Corp., 1992 WL 346772; In re Arthur Treacher's Franchise Litig., 92 F.R.D. 398, 415 (E.D. Pa. 1981).

The following factors are considered when deciding whether to grant a Motion for Default Judgment when same is opposed: (i) whether the plaintiff will be prejudiced if the default is denied; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was a product of the defendant's culpable or inexcusable conduct. See Duncan v. Speach, 162 F.R.D. 43, 44 (E.D. Pa. 1995).

With regards to the first factor, prejudice to the Plaintiff exists if the claim is now "impaired in some material way or if relevant evidence has become lost or unavailable." Accuweather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991). In the instant case, the Plaintiff, Kelly Matich, cannot demonstrate any prejudice resulting from Defendant's alleged default, and in-fact, Plaintiff has not even attempted to do so. It is long-held that allowing the defendant to put plaintiff to its proof does not in itself materially impair or otherwise compromise plaintiff's claim so as to constitute the sort of prejudice contemplated by the default judgment rule. *See* Metlife Capital Credit Corp., 1992 WL 346772, at p.3. As such, the "prejudice" factor weighs in favor of denying the entry of default judgment and permitting the parties to litigate this case.

Additionally undermining the Plaintiff's Motion for Default Judgment is the second factor identified in the analysis, which inquires as to whether the defendant has available a meritorious defense to the underlying action. As aforementioned, the Answering-Defendant is being sued by Plaintiff for causes of action founded in theories of intention infliction of emotional distress and false light invasion of privacy. Docket No. 1. It is a cornerstone rule that the standard for a meritorious defense in opposing a Motion for Default Judgment "does not require the defendant to prove beyond a shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which has at least merit on its face." Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3rd. Cir. 1987).

In the instant matter, the Answering-Defendant, Christina Berumen, has a meritorious defense to Plaintiff's cause of action for intentional infliction of emotional distress that will be exhausted at length in a subsequent 12 (b)(6) motion to dismiss. The substance of Defendant's upcoming Motion to Dismiss, pursuant to Fed. R. Civ. P. 12 (b)(6), include, but are not limited

to, Plaintiff's failure to allege damages by way of physical harm caused by the alleged emotional distress, Plaintiff's failure to plead with sufficient specificity which alleged conduct supports her claim and Plaintiff's failure and/or inability to allege and/or draw inference from the requisite element that Defendant Christina Berumen's alleged actions caused physical injury to Plaintiff. As such, should this Honorable Court be inclined to deny Plaintiff's Motion for Summary Judgment, it is respectfully submitted that Defendant Christina Berumen has, and will thereafter prove via a 12 (b)(6) Motion, a meritorious defense to Plaintiff's claim of intentional infliction of emotional distress.

Similarly, the Answering-Defendant, Christina Berumen, has a meritorious defense to Plaintiff's claim of false light invasion of privacy. Firstly, it must be noted that Plaintiff asserts liability on the Answering-Defendant under this cause of action based upon an allegation that Answering-Defendant called Plaintiff a "homewrecker." This stems from the Plaintiff engaging in a sexual relationship with Defendant O'Brien's ex-husband (at the time Defendant O'Brien's current husband) while he and Plaintiff worked together. Although not pleaded with any specificity, and as such remaining unclear as to what Defendant Christina Berumen's "portrayal of Plaintiff" actually was (therefore giving rise to a 12 (b)(6) motion, the Answering-Defendant may show that the light in which the Plaintiff was an overall correct impression. Additionally, and subject to the aforementioned upcoming 12 (b)(6) motion, the Plaintiff has not, and by law cannot, prove the requisite damages as necessary to prevail in a cause of action for false light invasion of privacy. As such, should this Honorable Court be inclined to deny Plaintiff's Motion for Default Judgement, it is respectfully submitted that the Answering Defendant, Christina Berumen, will provide a meritorious defense to the claims asserted against her.

Finally, regarding the third factor of "culpable conduct" on the part of the Defendant, a Motion for Default Judgment should be granted if the defendant against whom judgment is to be entered "exhibited bad faith, or if such conduct was part of a deliberate trial strategy." In the instant case, the Answering-Defendant, Christina Berumen, has spent months trying to obtain counsel in an attempt to defend herself against Plaintiff's claims. A major issue with Answering-Defendant's inability to expeditiously hire counsel in this matter stems from the Answering-Defendant being a resident of the State of Texas, with the underlying action being filed in the United States District Court in Pennsylvania. Additionally, the Answering-Defendant, Christina Berumen, has exchanged numerous correspondence and phone calls to her and her Co-Defendant sisters' homeowner's insurance providers in an attempt to be provided representation via those policies. In-fact, the Answering-Defendant Christina Berumen believes, and therefore avers, that attempts are still being made for the approval of Plaintiff's claims through those homeowners insurance policies. Clearly, the Answering-Defendant's conduct does not give rise to the level of "culpable" as contemplated. To the contrary, culpability has been defined as dilatory behavior that is willful or in bad faith. Metlife Capital Credit Corp., 1992 WL 346772, at p.3. In that Answering-Defendant's conduct was neither willful nor done in bad faith, it is submitted that Plaintiff's Motion for Default Judgment should be denied.

Additionally, it must be noted that the Defendants collectively filed a Motion for Extension of Time with this Honorable Court on September 13, 2022. Docket No. 10. That Motion, dated September 6, 2022, indicated to the Court that the Defendants were having difficulty hiring private counsel and/or finding representation via applicable insurance policies, and respectfully requesting an extension of time to respond to Plaintiff's Complaint in order to hire an attorney. Docket No. 10. It is suggested that the Defendants' filing of the Motion for

Extension further evidences the fact that they were not culpable in the delay, but were rather actively engaging in a search for an attorney to assist Defendants in asserting a meritorious defense to Plaintiff's underlying claims.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Default Judgment against Christina Berumen should be denied, and the Parties in this matter should be permitted to litigate this matter before this Honorable Court so that the Defendants can assert meritorious defenses to the underlying action and so that this matter can be resolved via the Court's preference, litigation.

Respectfully submitted,

Dated: 9/14/22

Howard A. Rothenberg, Esquire
ROTHENBERG & CAMPBELL
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503

Dated: 9/14/22

Dave W. Rothenberg, Esquire
ROTHENBERG & CAMPBELL
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I, Dave W. Rothenberg, Esquire, attorney for the Defendants, do certify that on the date appearing below I caused a true and correct copy of the foregoing Brief in Opposition to Plaintiff's Motion for Default Judgment against Christina Berumen via electronic case filing and/or electronic mail as follows:

                Timothy M. Kolman, Esquire
                414 Hulmeville Avenue
                Penndel, Pennsylvania 19047
                tkolman@kolmanlaw.com

Dated: September 14, 2022        By: _____
                                          Dave W. Rothenberg, Esquire
                                          **ROTHENBERG & CAMPBELL**